UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LIASHENKO,

　　　　　Plaintiff,

　　v.

BERENDSEN, INC.,

　　　　　Defendant.

No. 2:25-cv-01570-DAD-CSK

ORDER DISMISSING PLAINTIFF'S FOURTEENTH CLAIM BROUGHT PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT

(Doc. No. 12)

This matter is before the court on the parties' stipulation to dismiss plaintiff's fourteenth claim brought in his complaint for civil penalties under the Private Attorneys General Act ("PAGA") (Doc. No. 1-1 at 22–23) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 12.)  The parties request that this claim, to the extent it is brought on behalf of the State of California and other alleged aggrieved employes, be dismissed without prejudice pursuant to a settlement agreement.  (*Id.* at 2–3.)

Court approval is required for settlement of a PAGA claim.  Cal. Lab. Code § 2699.  This court has previously determined that, though there is no binding authority governing the standard for court approval of settlement of a PAGA claim, the appropriate standard to be applied is whether the "settlement terms (1) meet the statutory requirements set forth by PAGA, and (2) are fundamentally fair, reasonable and adequate in view of PAGA's public policy goals." *Perez v.*

1

*All Ag, Inc.*, No. 1:18-cv-00927-DAD-EPG, 2021 WL 3129602, at *4 (E.D. Cal. July 23, 2021). Here, the parties seek to dismiss the representative claims without prejudice and to separately dismiss plaintiff's individual claims with prejudice at a later date. (Doc. No. 12 at 2–3.) In this regard, the court finds that the settlement of the PAGA claim appears fair and reasonable in light of the settlement not binding the State of California or other alleged aggrieved employees. *See Ortega v. UnitedHealth Grp., Inc.*, No. 23-cv-05596-JST, 2025 WL 1906789, at *1 (N.D. Cal. July 10, 2025) (finding dismissal of PAGA claim to be fair and reasonable where the plaintiffs were releasing only their individual claims and not affecting future claims of other alleged aggrieved employees or the State of California) (citing *Sandoval v. Brigantine, Inc.*, No. 20-cv-00189-JLS-MSB, 2020 WL 6504914 (S.D. Cal. Nov. 5, 2020) (same)).

For the reasons explained above, the court ADOPTS the parties' stipulation (Doc. No. 12) and DISMISSES plaintiff's fourteenth claim brought pursuant to PAGA on behalf of the State of California and other alleged aggrieved employees without prejudice.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2